Robert J. Watson Overland Park City Attorney City Hall 8500 Santa Fe Drive Overland Park, Kansas 66212
Dear Mr. Watson:
As city attorney for the city of Overland Park, you request our opinion as to whether a diversion agreement entered into between the city prosecutor and a first-time DUI offender is an open public record.
K.S.A. 12-4413(d) defines "diversion agreement" as "the specification of formal terms and conditions which a defendant must fulfill in order to have the charges against such person dismissed." "Alcohol related offense" is defined as "violation of an ordinance of a city of this state that prohibits the acts prohibited by K.S.A. 8-1567, and amendments thereto, or violation of such statute." K.S.A. 12-4413(e).
K.S.A. 12-4415 lists the factors to be considered by the city attorney in determining whether diversion of a defendant is in the interests of justice and of benefit to the defendant and the community. K.S.A.12-4416(a) in part provides:
 "A diversion agreement shall provide that if the defendant fulfills the obligations of the program described therein, as determined by the city attorney, the city attorney shall act to have the criminal charges against the defendant dismissed with prejudice."
K.S.A. 12-4416(d) states:
 "If the city attorney elects to offer diversion in lieu of further criminal proceedings on the complaint and the defendant agrees to all of the terms of the proposed agreement, the diversion agreement shall be filed with the municipal court and the municipal court shall stay further proceedings on the complaint. If the defendant declines to accept diversion, the municipal court shall resume the criminal proceedings on the complaint."
Certain records are required to be kept confidential by the criminal history record information act, K.S.A. 1992 Supp. 22-4701 et seq. However, a DUI diversion agreement is not covered by this act. According to K.S.A. 1992 Supp. 22-4701(b)(3), criminal history record information does not include "wanted posters, police blotter entries, court recordsof public judicial proceedings or published court opinions." (Emphasis added).
Diversion agreements are entered in lieu of further criminal proceedings. If the defendant does not accept diversion, the municipal court will resume the criminal proceedings; if the defendant chooses diversion but the municipal court finds that the defendant has failed to fulfill the terms of the diversion agreement, then it will also resume the criminal proceedings on the complaint. K.S.A. 12-4418(a). The diversion agreement must contain a stipulation of the facts, on which further proceedings will be conducted, in case of termination of diversion. K.S.A. 12-4416(b). Moreover, K.S.A. 12-4416(b) also requires the diversion agreement to list provisions regarding a fine and enrollment in alcohol and drug program. Although information taken in the process of reaching a diversion agreement, such as prior criminal charges and medical history, may not be open to the public, there is no statutory provision requiring the signed diversion agreement to be confidential.
Additionally, diversion agreements must be filed with the municipal court under K.S.A. 12-4416. Court records are open to the public, except those specifically excluded by one or more of the exceptions in the KORA. See K.S.A. 1992 Supp. 45-217(b) and K.S.A. 1992 Supp. 22-4701(b)(3). Court records of public judicial proceedings, such as sentencing information and guilty or not guilty findings, are open to the public, unless there is another statutory restriction available to close them. Attorney General Opinion No. 93-103. Because DUI diversion agreements filed with the court are court records, such agreements are not criminal history record information and the general prohibition on disclosure in the criminal history record information act does not apply.
The open records act declares that public records, as defined by K.S.A. 1992 Supp. 45-217, are generally open to the public, unless mandatorily or permissibly closed by law. A diversion agreement entered into pursuant to K.S.A. 12-4001 et seq. appears to qualify as a public record under the definitions in the KORA. We found no express language in the statutes to make the terms of diversion agreements confidential. Further, there is no exception applicable to the provisions of DUI diversion agreements under K.S.A. 1992 Supp. 45-221.
This office has answered in the affirmative the question whether diversion agreements entered into between a defendant and the city attorney pursuant to K.S.A. 12-4413 et seq. are open to examination by the public and the news media. Attorney General Opinion No. 84-9. As you have pointed out, there have been some statutory changes made after our opinion on DUI diversion agreements was issued in 1984. K.S.A.22-2911(b), as amended by chapter 166, section 3 of the 1993 session laws states:
 "If the defendant has fulfilled the terms of the diversion agreement, the district court shall dismiss with prejudice the criminal charges filed against the defendant. The terms of a diversion agreement which have been fulfilled shall be confidential and shall be available only to any city, county or district attorney or court or the attorney general." (Emphasis denotes new language.)
The above provision is a part of county diversion statutes. The corresponding provision for municipal diversions states:
 "If the defendant has fulfilled the terms of the diversion agreement, the municipal court shall dismiss with prejudice the criminal charges filed against the defendant." K.S.A. 12-4418(b)
There was no change made to the municipal diversion statute in 1993. We do not believe that K.S.A. 22-2911(b) applies to municipal diversion agreements, where there are corresponding provisions in K.S.A. 12-4418
and K.S.A. 22-2911. This might be a legislative oversight, however, this office is not authorized to remedy mistakes and failure of the legislature by rewriting the language of the statutes.
Furthermore, the language added in K.S.A. 22-2911(b) is clear that the terms of a diversion agreement are confidential only when the agreement has been successfully completed and not before that point.
Another legislative change made after our 1984 opinion is to K.S.A.12-4416(e) and K.S.A. 12-4418(c). K.S.A. 12-4416(e) provides:
 "The city attorney shall forward to the division of vehicles of the state department of revenue a copy of the diversion agreement at the time such agreement is filed with the municipal court. The copy of the agreement shall be made available upon request to any county, district or city attorney or court." (Emphasis denotes new language.)
The current version of K.S.A. 12-4418(c) provides:
 "The city attorney shall forward to the division of vehicles of the state department of revenue a record of the fact that defendant did or did not fulfill the terms of a diversion agreement required to be filed under subsection (d) of K.S.A. 12-4416 and amendments thereto. Such record shall be made available to any county, district or city attorney or court." (Emphasis denotes new language.)
You argue that the added language makes DUI diversion agreements closed except to county, district or city attorneys and the courts. However, a plain reading of the statute does not warrant your interpretation. If the legislature intended to close the terms of DUI diversion agreements, they could have easily said so. When a statute is plain and unambiguous, the court must give effect to the intention of the legislature as expressed, rather than determine what the law should or should not be. Martindalev. Tenny, 250 Kan. 621, 629 (1992).
Furthermore, testimony on house bill no. 2570 passed in 1985 indicates the purpose of the added language is to facilitate the procedure for obtaining the DUI information for prosecutors and the courts. Before 1984, prosecutors and the courts could contact local law enforcement direct computer service for the complete driving records of defendants whom they were evaluating for diversion. However, because of legislative changes in 1984, they were required to make a request in writing to the division of motor vehicles, and wait at least two weeks. This caused a delay or postponement in the adjudication process of DUI offenders. House bill 2570 was to "eliminate the two week period in the adjudication process to get those DUI offenders off of our roads and highways into an educational or treatment process in a much more efficient manner." Minutes, House Committee on Federal and State Affairs, Attachment G, March 25, 1985.
The changes in K.S.A. 12-4416 and 4418 were made for the purpose of expediting the record request from the city, county and district attorney or court, but others must still wait two weeks to obtain the information. Considering the plain meaning of the added language in the statutes involved, we believe that our analysis in our 1984 opinion is still correct and not invalidated by the later legislative changes.
The city attorney must forward a copy of DUI diversion agreements to the Kansas department of revenue, division of vehicles, according to K.S.A. 12-4416(e). K.S.A. 74-2012 in part provides:
 "All records of the division of vehicles relating to the physical or mental condition of any person or to expungement shall be confidential. Records of the division relating to diversion agreements for the purposes of K.S.A. 8-1567, 12-4415 and 22-2908, and amendments thereto, shall be confidential and shall be disclosed by direct computer access only to: (1) A city, county or district attorney, for the purpose of determining a person's eligibility for diversion; (2) a municipal or district court, for the purpose of using the record in connection with any matter before the court; (3) a law enforcement agency, for the purpose of supplying the record to a person authorized to obtain it under (1) or (2); or (4) an employer when a person is required to retain a commercial driver's license due to the nature of such person's employment."
You argue that the city of Overland Park must keep the DUI diversion agreements confidential, because dissemination of the same records are restricted by statute for the division of vehicles. We do not believe the above restrictions apply to cities. It is not necessarily unprecedented that records, dissemination of which is restricted by certain agency statute, are open public records when in the possession of others. For example, vital statistical records are not open to the public in general under the uniform vital statistics act, K.S.A. 65-2422, but the same information may be available in a courthouse.
Finally, you ask whether disclosure of DUI diversion agreements may violate the federal Americans with disabilities act (ADA), 42 U.S.C. § 12,111, 29 C.F.R. Part XIV 1630, or the Kansas act against discrimination (KAAD), K.S.A. 1992 Supp. 44-1001 et seq. The DUI diversion agreement form used by the city of Overland Park contains provisions mandating the defendant to receive educational programs and/or in-patient or out-patient treatment programs for drug or alcohol abuse.
Under the ADA, while a user of illegal drugs is not protected, a person who currently uses alcohol is not automatically denied protection. An alcoholic is a person with a disability and is protected by the employment provisions of the ADA if the person is qualified to perform the essential functions of the job. Consequently, an employer may be required to provide an accommodation to an alcoholic. However, we do not believe all DUI defendants fit within the definition of an "alcoholic" protected by the ADA, nor do we believe the disclosure of DUI diversion agreements somehow discriminates against a person with a disability.
K.S.A. 1992 Supp. 45-221(a)(3) allows closure of medical, psychiatric, psychological or alcoholism or drug dependency treatment records which pertain to identifiable patients.
The ADA also imposes very strict limitation on the use of medical information. If DUI diversion agreements contain these treatment records, then such records may be closed under the KORA. Further, information as to identifiable individuals in drug abuse treatment facilities received by the secretary of social and rehabilitation services are not open records. K.S.A. 65-4609. However, we do not believe that the provisions in the DUI diversion agreement form under the heading of "Defendant's Education/Treatment Plan" are "treatment records." These provisions merely state the plans for the defendant to attend certain programs at certain facilities in order to fulfill the diversion agreement. Although they mention names of the medical facilities where the defendant will attend, they are not medical or alcoholism or drug dependency treatment records.
In conclusion, the DUI diversion agreements entered into by the city prosecutor and a first-time DUI offender are public records under the KORA, with no exception available to close by discretion. Further, there is no express provision in the statutes to close the terms of the city DUI diversion agreements.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Nobuko K. Folmsbee Assistant Attorney General
RTS:JLM:NKF:bas